DENISON & SHERMAN RAILWAY COMPANY v. FRALEY JOHNSON.

Decided May 18, 1904.

**1.—Street Railway—Passenger.**

A special policeman riding on a street car which he had boarded be-
lieving in good faith that he had a right to ride free, policemen being per-
mitted to do so by the rules of the company, was entitled to the rights of
a passenger though he had paid no fare, where none was demanded and he
was ready to pay on demand.

**2.—Negligence—Unlawful Act—Getting Off Moving Car.**

One injured by another's negligence is not prevented from recovery be-
cause he was engaged in an unlawful act when injured, as where he was
getting off a car in motion in violation of a city ordinance forbidding such
act.

**3.—Contributory Negligence—Charge.**

A requested instruction which assumes that one getting off a slowly
moving car was guilty of negligence is on the weight of evidence.

**4.—Negligence—Pleading.**

Where plaintiff's pleading sought to recover on the ground that he was
thrown from the platform of a street car by an electric shock, a requested
charge that he could not recover if he had one foot on the ground when
shocked was properly refused.

Appeal from the District Court of Grayson. Tried below before
Hon. J. M. Pearson.

*Head & Dillard,* for appellant.

*Wolfe & Hare,* for defendant.

FISHER, CHIEF JUSTICE.—The facts alleged and proven are to the
effect that the plaintiff was a passenger on appellant's street railway in
the city of Denison, and as he was preparing to alight from a street car
received a severe and painful electric shock, which threw him off of the
car to the ground, and caused the injuries as pleaded.

The grounds of negligence alleged and proven are that the appellant
negligently permitted its car to get out of repair, and the iron work
thereof to become charged with electricity to such an extent as made
it dangerous to passengers in getting on and off of the car.

Appellant pleaded contributory negligence, and that the plaintiff was
guilty of jumping from a moving car, in violation of an ordinance of
the city of Denison; that the plaintiff was not a passenger, but a tres-
passer, with no intention of paying his fare.

Verdict and judgment were in appellee's favor for $3500, as to the
amount of which no complaint is made.

The facts in the record support the averments of the plaintiff's peti-
tion, and the averments are, in the main, supported by evidence wherein
the plaintiff undertakes to describe the manner in which he was injured
and the extent of the injuries; and the evidence warrants the conclusion
that the appellant was guilty of negligence, as alleged, and that the
plaintiff was not guilty of contributory negligence in his effort to leave
the car. The car at the time was going at a slow rate of speed, and it

does not appear that it was dangerous at that time to disembark. The car was within a few feet of the crossing where the plaintiff expected to leave, when he received the electric shock which threw him from the car.

There are a number of assignments of errors which complain of the charge of the court, and the refusal to give certain charges and the admission of certain testimony, and the refusal to admit testimony bearing on the question as to whether or not the plaintiff was a passenger, or was rightfully on the car at the time he was injured. The evidence shows that at this time the plaintiff was a special policeman, and that under the rules of the company policemen were entitled to ride free of charge. But, however, all of the assignments of error relating to this question can, in our opinion, be disposed of upon the ground that it appears beyond contradiction, from the evidence in the record, that plaintiff boarded the car in good faith, believing he had a right to ride; and that he was not called upon for his fare, nor was any fare demanded of him, and if it had been demanded he was ready and willing to pay the same.

There is no escape from the conclusion that if it could be determined that he was not entitled to ride as a special policeman, or upon a pass that he possessed, then it is clear from the evidence in the record he went upon the car in good faith, believing that he had a right to ride, and that he would have paid his fare if his right had been questioned. But no demand was made upon him up to the time that he reached his destination and was preparing to leave, and no demand has ever been made upon him for fare.

In view of the cases of Denison & S. Ry. Co. v. Carter, 9 Texas Ct. Rep., 472; Mills v. Missouri K. & T. Ry. Co., 94 Texas, 244, and Hamilton v. Goding, 55 Me., 422, we do not think any error was committed in declining to permit appellant to introduce in evidence an ordinance of the city of Denison making it an offense for a passenger to jump off of a moving street car.

The question of contributory negligence was sufficiently submitted, and there was no error in refusing the charges requested by the appellant upon this subject. Furthermore, the charge requested was on the weight of evidence. It was a question of fact as to whether the plaintiff was guilty of contributory negligence in his efforts to leave the car.

In disposing of the eleventh, twelfth and fourteenth assignments of error, it is sufficient to say that the general charge of the court was sufficient upon this subject. The court instructed the jury that if they found that the plaintiff was not a passenger on the defendant's car, or if they believed from the evidence that the plaintiff was injured in attempting to voluntarily leave said car while in motion, and did not believe from the evidence that he was knocked or thrown from the car by an electric shock, then to find for the defendant.

The charge required the jury to believe that the plaintiff was thrown from the car by reason of the shock. That was the plaintiff's case as

made by his petition and by his evidence. It would have been error for the court to instruct the jury that if the plaintiff received the shock after he had placed one foot upon the ground he could not recover. The principal cause of negligence was permitting the metal appliances of the car to become overcharged with electricity. The plaintiff in leaving the car caught hold of a hand-hold in his effort to step from the car, and received the shock. The fact that he might have been partially upon the ground by having one foot thereon, and partially upon the steps at the time he was thrown, would not defeat his right to recover, because such position would not have been substantially different from that alleged in his petition. 72 S. W. Rep., 836.

In these assignments and in the last the appellant contends that the plaintiff received the shock when one of his feet came in contact with the ground; that it required contact with the ground in order to feel the effect of the electricity. There is also evidence coming from the plaintiff's witnesses that a shock could have been received while in the position that he occupied on the steps, and that he actually at that time received the shock.

If the testimony had beyond dispute established the fact that he had one foot upon the ground when the shock was received, it would not have established a substantial variance from the averments of the petition. But, however, upon this question the court instructed the jury in effect that he could only recover in the event he received the shock upon the car, and by reason thereof he was thrown from the car. The negligence in permitting the car to become overcharged with electricity is the principal ground of complaint, and whether this was communicated to him while partially on the car and partially on the ground, would make no material difference.

There was no error in refusing the instruction set out under the fifteenth assignment of error. In view of the case as made by the plaintiff's petition and evidence, no such issue was raised.

The charge of the court in submitting the case to the jury presented it only upon the theory that the plaintiff was entitled to recover in the event that the evidence was in accord with the averments of his petition. If a condition existed over which the appellant had no control which caused the car to become charged with electricity, it is clear from the charge of the court in submitting the case to the jury that the appellee would not have been entitled to recover.

We find no error in the record and the judgment is affirmed.

*Affirmed.*

Writ of error refused October 13, 1904.